**DAVIES v COLUMBUS GAS & ELECTRIC CORP. et**

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3015. Decided Nov. 21, 1939.

R. L. Barton, Columbus, James Huffman, Columbus, and Park Chamberlain, for plaintiffs-appellees.

Eagleson and Laylin, Columbus, John B. McMahon, Toledo, Garrett S. Claypool, Chillicothe, for defendants-appellants.

**OPINION**

BY THE COURT:

This is an appeal on questions of law from an order of the common pleas court overruling a motion of the "defendant, C. I. Weaver, for himself and all other defendants served with summons, excepting certain named defendants, to suspend the further taking of depositions on behalf of the plaintiff during the pendency of the indictments returned by the grand jury of Franklin County, Ohio, in this court on or about March 28, 1938, numbered respectively 23,240 to 23,251." and upon motion of plaintiff-appellee to dismiss the appeal

for the reason that the order sought to be appealed from is not final.

Counsel are in agreement that if the order is appealable it is because it is "an order affecting a substantial right made in a special proceeding, * * * *" §12222-3 GC. Inasmuch as there can be no doubt that the order affects a substantial right of defendants, the only query left is, is it made in a special proceeding.

The question is not free from doubt. Respective counsel have cited many cases for and against the proposition that the motion of defendants is a special proceeding, none of which is especially helpful. Without a sense of certainty or finality, we are of opinion that the doubt should be resolved in favor of entertaining the appeal. The form of proceeding adopted by the defendants is not material, if properly asserted. If defendants have the right in the manner here adopted to invoke the chancery powers of the court to stay the taking of depositions, it would appear that such a proceeding would be special in nature. It seems appropriate to assert the right to equitable intervention by motion. The action of the Court sought by the motion in this case requires an order of the court which, to all intents and purposes, has all of the elements of finality as would attend a judgment.

We, therefore, hold that the order made by the trial judge on the motion to suspend the taking of further depositions was a final order from which an appeal lies. The motion to dismiss the appeal will be overruled.

Coming then to the merits of the appeal. There are 19 assigned errors, all of which are directed to the claimed prejudicial error of the trial judge in overruling the motion of defendants to suspend the taking of depositions by the plaintiff.

We have been favored with the full text of the opinion of Judge Scarlett in passing upon the motion. We find it so comprehensive and so completely in accord with our view of the law of the case that it would be but a re-statement of the same principles in different language should we write an opinion upon the questions presented. We, therefore, adopt Judge Scarlett's opinion in its entirety. We are satisfied that he accorded to the defendants all of the rights to which they are entitled in the most favorable view of the law in their behalf.

The one factual claim of defendants, which if established, would weigh most heavily in their favor was resolved by the trial judge against them, namely, the charge that there was a collusive arrangement between plaintiff and his counsel and the Prosecuting Attorney, whereby the evidence secured and to be secured by the depositions of defendants in the civil suit was to be employed in the criminal cases against them. We have carefully examined the transcript of pleadings, docket, and journal entries and have been unable to find the affidavits of plaintiff and his counsel upon which the trial judge held against the claim of the defendants as to the collusive arrangement. In this situation we must assume that the trial judge properly determined the probative effect of these affidavits. This conclusion having been reached, there is in our judgment no error whatever in the order overruling the motion of the defendants to compel the plaintiffs to suspend the further taking of

depositions in this, the civil case. The individual defendants will be protected to the full extent contemplated by the law by the right to refuse to testify as to matter, if any, which will tend to incriminate them.

Order affirmed.

HORNBECK, PJ., GEIGER, and BARNES, JJ., concur.

**APPLICATION FOR REHEARING**

No. 3015. Decided Dec. 16th, 1939.

BY THE COURT:

Submitted on application of defendants-appellants for rehearing on the decision of this Court of date November 21, 1939.

We have examined the subject matter of the application and are of opinion that it should be denied. We made the observation in our decision that we did not have before us the affidavit of Messrs. Bricker and Huffman of counsel for plaintiff. We have now examined this affidavit and find that while it is not responsive to many of the facts set forth in the affidavits on behalf of defendants, it does meet the specific charge affecting Messrs. Bricker and Huffman appearing in defendants' affidavits. We find in the affidavit of Mr. Eagleson, in so far as it is germane to the question which we now consider, this statement at page 4:

"Affiant further says that of local counsel for Mr. Chamberlain in this action; namely John W. Bricker and J. W. Huffman conferred with Prosecutor Ralph J. Bartlett relative to the matters set forth in the petition herein, at the office of the Prosecuting Attorney not long after said petition was filed and that subsequent to said conference and on or about October 25, 1937, the said J. Paul Blundon, whose activities had been and were as aforesaid, was also employed and retained by the County Prosecutor's office to assist, as the newspapers gave the announcement, in the investigation of the alleged dilution of the gas sold in Columbus and that on or about said date said Blundon conferred with Prosecutor Bartlett and Assistant Prosecutor William C. Bryant, that Mr. Blundon continued thereafter actively engaged in furnishing the Prosecuting Attorney's office with information concerning the make-up and charges contained in the petition in the civil action as aforesaid and to an extent, which this affiant can not state with exactitude, assisted the Prosecutor in presenting the matter under investigation to the Grand Jury in Franklin County, Ohio. *·*"

The affidavit of Messrs. Bricker and Huffman is short, but in answer to that part of Mr. Eagleson's affidavit which relates to them, they say "that they did not confer with the Prosecuting Attorney after the filing of the petition at the office of the Prosecutor or elsewhere, but that both of these affiants were subpoenaed by the Prosecuting Attorney to appear before the Grand Jury of Franklin County, Ohio, on the 7th day of October, 1937. That both of said affiants did appear before the Grand Jury in obedience to said subpoenas and testified before said Grand Jury upon inquiry by the Prosecuting Attorney and his assistants to all matters within their knowledge relative to the facts upon which the allegations of the petition in the above entitled action were based."

The trial court then had the right to accept the statements of Messrs. Bricker and Huffman under oath for their full value and to conclude that any information in this case which they furnished the

Prosecuting Attorney was under command of legal process.

We have again examined the affidavits on behalf of the defendants and can not say that the trial court committed any error when he determined that they were insufficient to show any collusive arrangement or conduct between the plaintiff, his attorneys and the Prosecuting Attorney or any of his assistants. All that it is claimed was done by plaintiff's counsel on the one hand and the Prosecuting Attorney and his Assistant on the other, may be reconciled as in good faith and as the result of separate action.

It is obvious that the Prosecuting Attorney and the plaintiff and his counsel were securing information from the same source. It also appears that the Prosecuting Attorney either availed ██ himself of information which was forthcoming from the civil suit or from a witness who had testified therein when the subpoenas duces tecum appearing in the record were issued. But we repeat that this not only does not show any improper or collusive arrangement but in fact no concert of action. Without collusion appearing there is no basis whatever for the relief sought by the defendants.

In our former decision we commented on the fact that we did not have before us the affidavit of Messrs. Bricker and Huffman. After diligent, unusual and unnecessary search it was located in what is marked 'No. 2' in the files, identified by the signature of the Clerk of Courts and apparently a part of the transcript of docket and journal entries. The Bricker-Huffman affidavit is the last sheet on what is designated as "Memorandum of the plaintiff contra memorandums of the defendants to suspend taking of depositions and on question of instructions to notary public." It seems unnecessary to say that this Court should not be required to leaf through seventy-five or a hundred pages of briefs in the Common Pleas Court to find an affidavit which is pertinent to any issue which we are called upon to decide. It will be noted further that this affidavit of Messrs. Bricker and Huffman is not identified in any manner whatever which would properly make it a part of the Bill of Exceptions.

This affidavit is not a part of the Bill of Exceptions, neither are the defendant's exhibits, marked A to I, inclusive, properly incorporated in or made a part of the Bill of Exceptions. **Simes v D.-X. Ry. Co., 24 Abs 593.**

Because counsel discussed all of the exhibits, Defendant's A to I, inclusive, and the affidavits of Messrs. Bricker and Huffman, it is apparent that it was their desire and understanding that all would be considered.

We have, therefore, given attention to all of them and it may be ordered and made a part of the final entry in this case that defendant's Exhibits A to I, inclusive, shall be attached to and made a part of the Bill of Exceptions, and that as to the affidavit of Messrs. Bricker and Huffman there be a dimunition of the record and plaintiff's affidavit identified and marked as Plaintiff's Exhibit A and made a part of the record.

We have noted the correspondence from Eagleson & Laylin directed to the Court in which it is suggested that the proper procedure at this juncture would be to reverse the judgment in this proceeding. We can not accede to this suggestion in view of the state of the record.

It is obvious that if the action of Judge Reynolds in the case in

Common Pleas Court disposes of all questions on the merits, the judgment in this proceeding will accomplish nothing. However, orderly procedure would indicate that this case should be concluded in this Court.

HORNBECK, PJ., GEIGER and BARNES, JJ., concur.